# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7946 | **DATE** | 12/12/2003 |
| **CASE TITLE** | Thomas J. Moriarty vs. B. Michael Muzyka, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Because such a substantial portion of Muzyka's Answer and Ads require revision, it may be more sensible for Muzyka to plead over with a self-contained Amended Answer and Ads, rather than filing an amendment to its present pleading. In all events, any further pleading on it part must be filed on or before December 23, 2003, failing which the allegations of complaint ¶¶ 6 and 11 will be deemed to have been admitted and Ads 1,3,4 and 5 will remain stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 15 2003 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 5 |
| | Copy to judge/magistrate judge. | | | |
| | | 03 DEC 12 AM 4:26 | 12/12/2003 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. MORIARTY, Trustee, etc., )
)
        Plaintiff, )
)
v. ) No. 03 C 7946
)
B. MICHAEL MUZYKA, LTD., etc., )
)
        Defendant. )

MEMORANDUM ORDER

B. Michael Muzyka, Ltd. d/b/a Muzyka & Son Funeral Home ("Muzyka") has filed its Answer and Affirmative Defenses ("ADs") to the ERISA Complaint brought against it by Thomas Moriarty as Trustee on behalf of three employee benefit funds (collectively "Funds"). Because several aspects of that responsive pleading are problematic, this memorandum order is issued sua sponte to require Muzyka's counsel to return to the drawing board to cure the problems identified here.

To begin with, Answer ¶6 purports to deny the allegations of Complaint ¶6 on the ground that they "call for legal conclusions." That flouts the well-established principle that legal conclusions are not only a permissible but an integral part of federal notice pleading--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Answer ¶6 is stricken, and Muzyka must answer those allegations.

Next, Answer ¶11 involves two flaws. Its first sentence is simply wrong, because it misreads the allegations of Complaint ¶11. And its second sentence does not state a proper predicate

for denying the Funds' allegations. Answer ¶11 is therefore also stricken, again with leave granted to Muzyka to provide a proper answer.

Finally, several of Muzyka's six ADs also require reworking. Here are the particulars:

1. AD 1 baldly asserts "estoppel," but without giving any explanation of the grounds for that assertion. Notice pleading principles apply to responsive pleadings as well as to complaints, and it is not enough simply to mouth one of the categories included in Fed. R. Civ. P. ("Rule") 8(c) without apprising the opposing party of the basis for doing so. AD 1 is therefore stricken, but without prejudice to its possible reassertion in proper form.

2. AD 2 does better in advancing an asserted laches defense, speaking of both components of such a defense (delay and prejudice). Without any expression by this Court as to a substantive evaluation regarding the other facets of Muzyka's proposed AD in that respect (matters that may remain for the future), this Court strikes Muzyka's claim that its obligation to pay interest may give rise to prejudice (after all, if Funds are right in their claim, Muzyka has had the benefit of the use of money that belongs to Funds, while Funds have been deprived of that benefit).

3. As with AD 1's estoppel argument, an unexplained defense of "waiver" is also impermissible. AD 3 too is

2

stricken in its present form.

4. AD 4 inexplicably says that Funds' claims "are barred to the extent that Plaintiffs seek contributions from any persons who were stockholders or who held any type of an ownership interest in Defendant's business." To begin with, Complaint ¶6 is not framed in that way--it targets the defendant named in the case caption as being the only party from whom damages are sought. If there is some unexplained substance to AD 4, Muzyka must set it out more clearly.

5. AD 5 asserts a limitations defense in an uninformative way (the tipoff to that is Muzyka's use of a "to the extent" locution). Again the AD must be stated in more specific terms to provide appropriate notice to Funds.

Because such a substantial portion of Muzyka's Answer and ADs requires revision, it may be more sensible for Muzyka to plead over with a self-contained Amended Answer and ADs, rather than filing an amendment to its present pleading. In all events, any further pleading on its part must be filed in this Court's chambers (with a copy of course being transmitted to Funds' counsel) on or before December 23, 2003, failing which the allegations of Complaint ¶¶6 and 11 will be deemed to have been admitted and ADs 1, 3, 4 and 5 will remain stricken.

                                       _/s/ Milton I. Shadur_
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: December 12, 2003