IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. MORIARTY, Trustee, etc., )
)
        Plaintiff, )
)
v. ) No. 03 C 7946
)
B. MICHAEL MUZYKA, LTD., etc., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

In a rare exception to the mine-run of ERISA collection cases that typically resolve themselves with no judicial involvement, this action presented a vigorously contested dispute of major scope that culminated in a widely separated two-phase bench trial--so major that counsel for the plaintiff employee benefit funds (collectively "Funds") have reported the expenditure of an aggregate 261.5 lawyer hours, with another 9.9 hours having been spent by a law clerk. Because counsel for the parties have been unable to reach accord on the one collateral (but vital) matter that remains open, the quantification of the award of attorneys' fees and expenses payable to Funds as mandated by 29 U.S.C. §1132(g)(2)(D)(in that respect, see Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co., 484 U.S. 539, 547 (1998)), the issue has been presented to this Court for resolution.

Counsel for defendant B. Michael Muzyka, Ltd. d/b/a Muzyka & Son Funeral Home ("Muzyka") has interposed three different types

of objections to Funds' itemized request for an award of $70,851.50,[1] asserting that the amount should come instead to some $26,000 (the range of fees said to have been incurred on the defense side of the case):

   1. Instead of the hourly rates claimed by Funds, as reflected in Ex. 1 to this opinion, Muzyka urges that a $225 hourly rate (the rate charged by its counsel) should apply across the board.

   2. Funds' legal work was handled by more than one lawyer, on some occasions working together on an aspect of the case rather than singly. Muzyka's counsel contends that this should have been a one-lawyer lawsuit, so that the total request is excessive to that extent.

   3. Various individual items are challenged as unjustified, some in dribs and drabs and others in block terms.

This Court has reviewed Funds' application and Muzyka's objections, and this memorandum opinion and order resolves the matter entirely in Funds' favor.

First, as the source for its $26,000 proposal Muzyka's Mem. 5 argues that the award should "equal the attorneys' fees expended by the Defendant's counsel...." Any such contention is

---

[1] That includes $2,500 in fees on fees--10 hours at $250 per hour in preparing the fee petition and its supporting memorandum and documentation.

inherently fallacious, for the amount of work involved in obtaining the relevant information from Muzyka and in proving the case was understandably (and reasonably) a multiple of the time spent by Muzyka's counsel in resisting the claim. That resistance essentially amounted to saying "Prove it" and calling a single witness--the funeral home owner himself--in an unsuccessful effort to defeat Funds' claim. Funds' Mem. 8 has pointed correctly not only to the more intensive preparation required on its side of the case but also to the additional factor that its "attorneys incurred ultimately needless extra hours when Defendant remained unwilling to stipulate to the admissibility of the Audit Report until shortly prior to the second day of trial." In sum, neither the hourly rate charged by Muzyka's counsel nor the number of hours that he spent, nor of course the product obtained by multiplying those two numbers, provides a legitimate yardstick for the reasonableness of Funds' corresponding multiplication (the time spent by its lawyers times their respective hourly rates) as the measure of the required award.

As to the reasonableness of those hourly rates charged by Funds' counsel, it has provided detailed affidavits as to the background and experience of each lawyer, including fee awards that have been made to the principal lawyers that--taking into account the passage of time and the escalation of market rates

over the years--firmly support the requested hourly levels. Funds also support the use of market rates with the affidavit of an experienced attorney from another (and unrelated) law firm in the same area of practice. Importantly, the principle that has been announced and applied in such cases as <u>Barrow v. Falck</u>, 977 F.2d 1100, 1105 (7th Cir. 1992)(see also <u>Cent. States Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.</u>, 76 F.3d 114, 116-17 (7th Cir. 1996)) provides direct support for the use of the market rates that are amply legitimized by Funds' presentation.[2]

Nor is there any merit to Muzyka's gripe that Funds used more than one lawyer to handle the dispute--sometimes (as during the trial itself) two at a time. Well over a quarter century ago, before this Court came to the bench, it (like many other lawyers) numbered among its clients some of the components of the far-flung Pritzker holdings. Jay Pritzker, then the heir apparent to family leadership (A.N. Pritzker, his father, was still living) but since then deceased, was wont to say:

Lawyers are like nuns: They travel in pairs.[3]

---

[2] Nothing said or held in the recent decision in <u>Moriarty v. Svec</u>, 429 F.3d 710 (7th Cir. 2005) derogates from the cases cited in the text, or the principle they announce and apply, which fits this case precisely (as <u>Svec</u> does not).

[3] Less colorfully but with equal accuracy, Judge Easterbrook (working by designation in the District Court trenches) has said in <u>Bohen v. City of East Chicago</u>, 666 F.Supp. 154, 157 (N.D. Ind. 1987):

The use of more than one lawyer is common in legal

4

That aphorism is seriously out of date. In a recent preliminary injunction hearing over which this Court presided, there were three lawyers at one counsel table and four lawyers at the other (and Lord knows how many others laboring behind the scenes).

What Muzyka's counsel does not recognize (or perhaps recognizes but refuses to acknowledge) is that in legal representation one size does not fit all. In particular here, this Court of course observed the handling of the hearing aspect of the bench trial as well as the motion practice involved, and it is satisfied that Funds' lawyers worked efficiently and effectively--there was no waste of resources. It was eminently reasonable for Funds to involve more than one lawyer in its representation, and that objection falls flat as well.[4]

As for the first branch of Muzyka's final cavil, the quarrels that it voices regarding a number of small charges, on the premise that too much time was spent in those respects, are unacceptable. Such nit-picking from the outside and in hindsight provides no basis for disallowance. What has been proffered by Funds must be viewed as time actually spent by Funds' lawyers

---

        practice. Consultation among lawyers insures that they
        do not overlook significant facts or injuries.

[4] There is a temptation to tweak Muzyka by saying that it might have been better off if *it* had brought more than one lawyer into the case. But that would be unfair--Muzyka would have been a loser whether it hired one lawyer or a battery of counsel. Instead the point is that Funds' handling through more than a single lawyer cannot be faulted as unreasonable.

(there is no suggestion of dishonest timekeeping), and nothing indicates any padding or inefficiency. Muzyka's quibbles are rejected.

That same evaluation applies in spades as to Muzyka's larger-scale criticism of the time spent by Funds' counsel in trial preparation for each of the trial sessions and in drafting proposed Findings and Conclusions. Those criticisms come with particularly bad grace, for it was Muzyka's own stubborn resistance that forced all of that activity. But even apart from that, on the merits this Court finds no reasonable predicate for second-guessing the well-prepared and well-executed lawyers' work on Funds' behalf, or for finding any slippage or waste in that work.

### Conclusion

In sum, Muzyka's objections in opposition to Funds' request for an award of attorneys' fees are rejected both singly and in the aggregate. Muzyka is ordered to pay forthwith the requested sum of $70,851.50 in its entirety.

                             _____
                             Milton I. Shadur
                             Senior United States District Judge

Date:   January 25, 2006

| Lawyer | Hours | Rate | Totals |
|---|---|---|---|
| Joseph M. Burns | 2.7 | $350 | $ 945.00 |
| Marisel A. Hernandez | 15.6 | 300 | 4,680.00 |
| David Huffman-Gottschling | 209.8 | 250 | 52,450.00 |
| Sylvia Rios (law clerk) | 9.9 | 85 | 841.50 |
| Sherrie E. Voyles | 43.4 | 275 | 11,935.00 |
| Total | 271.4 | — | $70,851.50 |

EX. 1